No. 25494

Adelia Martinez, Adelia Martinez Faidiga, Ray O. Pacheco and Angie Pacheco v. Charles R. Casey, Judge District Court, Fifth Judicial District of the State of Colorado, County of Lake

(495 P.2d 216)

Decided April 3, 1972.

Charles S. Vigil, Dennis J. Seitz, for petitioners.

Cosgriff, Dunn & French, John W. Dunn, for respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The petitioners herein, defendants in two different actions, sought a writ in the nature of prohibition, stating that the respondent judge "has been of counsel in an action which is an essential part of the proceedings herein." We issued a rule to show cause why the judge should not disqualify himself. The respondent has now answered. We discharge the rule.

On September 18, 1969, in a quiet title action brought by the Leadville Lead Corporation, a decree was entered in the district court of Lake County. It was signed by the respondent's predecessor in office. In this action there were 118 named defendants and "all unknown persons who claim any interest in the subject of this action." The five petitioners here were among the named defendants. The record discloses that two of them were served in the quiet title action and there is no showing as to whether or not the other three were served.

The quiet title decree contains the following recital:

"[T]hat Charles R. Casey, Esq. [the respondent here] attorney at law, has been heretofore appointed and appeared for any and all Defendants who are in, or who may be in, or who may have been ordered to report for induction into, the military service, as defined by the Soldiers' and Sailors' Civil Relief Act of 1940, as Amended;"

Thereafter the respondent became district judge. There are pending before him two unlawful detainer actions. Three of the petitioners are defendants in one and the remaining two petitioners are defendants in the other. The plaintiff in each is the Leadville Lead Corporation and it appears that the quiet title decree may have some bearing on these two unlawful detainer actions. The same counsel represents the defendants in both actions.

In one of the unlawful detainer actions counsel and the defendants stipulated that judgment might enter against these defendants, and judgment was entered. Over a year later counsel for these defendants moved to set aside the judgment and later moved that the judge disqualify himself.

One of the attorneys for the defendants in the other unlawful detainer action entered his appearance more than 18 months prior to January 12, 1972. This attorney also made an appearance in the quiet title action. On January 12, 1972 the plaintiff in this unlawful detainer action moved for summary judgment. After the motion for summary judgment was set for hearing the defendants moved for the judge to disqualify himself.

■ C.R.C.P. 97 provides that "A judge shall be disqualified in an action in which he. . . has been of counsel for any party. . . ." It does not appear that any of the petitioners were in, or had been ordered to report for induction into, military service during the pendency of the quiet title action. Absent such a showing it will be assumed that the attorney appointed under the provisions of the Soldiers' and Sailors' Civil Relief Act did not represent the petitioners.

■ Further, in the absence of more positive representation than is usually performed by an attorney under this Federal Act, such as asserting a defense, we question whether the mere appointment of an attorney and his subsequent approval of a quiet title decree disqualifies him later as judge to determine whether the decree is *res judicata* in another proceeding in which some of the parties are the same. No

showing of any such positive representation has been shown here.

Rule discharged.